288 F.2d 437
 Theodore KONTOS
v.
THE Liberian S.S. SOPHIE C., her boats, engines, tackle,
apparel, etc., Peter Paul Vucetic and John Doe, both
nonresident individually and as Masters, and Southern Star
Shipping Co., Inc. and Excelsior Shipping co., Ltd., both
foreign corporations or associations, as owners and/or
operators of the Liberian S.S Sophie C., Appellants.
George NARIFIS
v.
THE Liberian S.S. SOPHIE C., her boats, engines, tackle,
apparel, etc., Peter Paul Vucetic and John Doe, both
nonresidents, individually and as Masters, and Southern Star
Shipping Co., Inc. and Excelsior Shipping Co., Ltd., both
foreign corporations or associations, as owners and/or
operators of the Liberian S.S. Sophie C., Appellants.
 Nos. 13346, 13347.
 United States Court of Appeals Third Circuit.
 Argued Feb. 9, 1961.
Decided March 28, 1961.
 
 Harrison G. Kildare, Philadelphia, Pa., (Rawle & Henderson, Thomas F. Mount, Philadelphia, Pa., on the brief), for appellants.
 Sidney J. Smolinsky, Philadelphia, Pa., for appellee.
 Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 These are appeals from interlocutory orders taken pursuant to Section 1292(b), Title 28 U.S.C. The question presented is whether the court below abused its discretion in retaining jurisdiction of two libels in admiralty in a case involving numerous foreign 'contacts', as that term is used in conflict of laws.
 
 
 2
 After reviewing the record carefully we are satisfied that the result reached by the court below was correct for the reasons stated in Judge Goodrich's able opinion. See 1960, 184 F.Supp. 835. At the time of the argument and decision in the court below shipping articles signed by the appellees were not available. The parties by stipulation have attempted to have the shipping articles nmade part of the record on these appeals. Assuming, despite McAllister v. United States, 1954, 348 U.S. 19, 20-21, 75 S.Ct. 6, 99 L.Ed. 20, that this court would be entitled to receive these documents and to employ them in reaching a decision, we are of the opinion that this is undersirable and that in this instance we should review the judgment of the district court only on the record which it had before it. We perceive no error in the decision of the court below on the basis of the present record. If the shipping articles are found to be relevant by the court below on remand, that court will, of course, determine their effect upon the issue as to whether the suits should be retained. We express no view as to this issue. To the end that the court below may be free to act in the premises we will vacated the interlocutory orders appealed from. If the court below decides that the evidence presented by the shipping articles is of insufficient weight to move its discretion to a contrary result, it will enter interlocutory orders accordingly.